BUTLER *v.* THE STATE, 12 Smedes and Marshall, 470.

### FORFEITURE OF RECOGNIZANCE.

All recognizances entered into by persons charged with a criminal offense, must be made returnable to the term of the circuit court next to occur by law after the time that the said recognizances are taken.

A recognizance, taken, conditioned for the appearance of the accused at a time when no court is held, is void.

The recognizance being void, all the steps based upon it are also void, and it is competent for the court to vacate it at any time.

Error to Warren circuit court. COALTER, J.

On the 6th of March, 1846, Miles C. Folkes, mayor of the city of Vicksburg, recognized William Mayhew, Joseph Butler,

J. J. Rawls, Robert Wilson, Frederick Rogers, Henderson Markham, and W. J. Fotheringham; Mayhew in the sum of fifteen hundred dollars, and each of the others in the sum of two hundred and fifty dollars; the condition of which was, that the said William Mayhew should be and personally appear before the circuit court of Warren county, to be held at the court house thereof, on the third Monday of April, 1846, to answer the State of Mississippi, on a charge of exhibiting a faro bank, being interested in the loss or gain thereof, in the city of Vicksburg, on or about the 15th day of January, 1846; and that he should not depart therefrom without the leave of the court, but should continue to attend said court from day to day and from term to term, until legally discharged.

On the 16th of June, 1846, this recognizance was forfeited, and judgment *nisi* entered, because of the non-appearance of the parties on that day.

On the 3rd of August, 1846, a *scire facias* issued, reciting the recognizance, the judgment *nisi*, and the order for *scire facias.*

On the 17th of April, 1848, a motion was entered to quash the recognizance, because, 1st. It was returnable to a term of the court unknown to the law; and 2d. The defendant had no notice that a forfeiture would be taken at a term subseqnent to the one named in the recognizance. The court overruled the motion, and the defendants excepted. Butler alone sued out this writ of error.

*W. C. Smedes*, for plaintiff in error.

*J. D. Freeman*, attorney general.

THACHER, J.:

On the 6th day of March, 1846, the mayor of Vicksburg took a recognizance from Mayhew, Butler and others, conditioned that Mayhew should appear before the circuit court of Warren county, to be held on the third Monday of April, 1846, to answer the state on a charge, etc. On the 16th day of June, 1846, this recognizance was forfeited in the circuit court, and judgment *nisi* entered thereon, and *scire facias* issued on the 3rd day of August, 1846; and upon which execution issued on the 7th day of November, 1846, Butler having made no answer.

On the 17th of April, 1848, a motion to quash the recognizance was overruled.

All recognizances taken from persons charged with a criminal offense, must, by our statutes, be made returnable to the term of the circuit court next to occur by law, after the time that the said recognizances are taken. So, at common law, recognizances in cases of felony were to be certified to the general goal delivery. Hawk. P. C., ch. 15., § 85, note.

This recognizance was taken, conditioned for the appearance of the accused at a time when no court sat by law. The change of the time of holding the terms of the circuit court of Warren county, to the second Monday in April, 1846, did not take effect until the 1st day of July, 1846. Laws of 1846, ch. 26, § 5, p. 187. The recognizance was therefore void.[1] The Commonwealth v. Bolton; 1 Serg. & Raw., 328; The State v. Sullivant, 3 Yerg., 281. Besides, this recognizance appears to have been made for the appearance of the accused on the third Monday of April, 1846. This is an additional defect.

The recognizance having been void, all the steps based upon it were void also, and it was likewise competent for the court to vacate the recognizance at any time.

The judgment of the circuit court is reversed, and the recognizance is here declared void, together with all the proceedings thereon.

[1] 1 Archbold Cr. Pr. & Pl., 199, notes; People v. Mack, 1 Parker, 567; State Treasurer v. Danforth; Brayt., 140.